## LAWRENCE RILEY vs. WILLIAM E. HALE.

Middlesex.    November 18, 1892. — March 2, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Landlord and Tenant — Breach of Covenant for Quiet Enjoyment — Recoupment
— Eviction — Measure of Damages — Evidence of other Leases.*

If a lessor insists on the validity of his lease to the lessee for the purpose of collect-
ing the rent reserved in it, he cannot treat the lease as invalid for the purpose
of avoiding his implied covenant for quiet enjoyment ; and if he takes judgment
for the full amount of a year's rent without giving credit for rents received
from other tenants, he cannot claim that such letting by him to other tenants
was for the lessee's account.

The lessee's omission to avail himself by way of recoupment of the lessor's cove-
nant for quiet enjoyment does not debar him from maintaining an action on such
covenant.

Where the relation of landlord and tenant exists, the lessor is liable on his implied
covenant for quiet enjoyment; if he intentionally puts it out of his power to
deliver possession of the premises to the lessee, without the lessee's consent, the
lessor's act is of the same nature as an eviction.    If no rent has been paid the
measure of damages is the difference between the agreed rental and the actual
value ; but where the lessee has been compelled to pay rent during the period of
exclusion, the amount so paid is to be added, otherwise his actual loss by reason
of the breach of the implied covenant will not be made good.

A. executed a lease of certain premises to B. from May 1, 1880, to April 30, 1883.
B. not having taken possession, A. brought an action against him on October
21, 1881, and recovered judgment for one year's rent.    In an action by B. against
A. on A.'s covenant for quiet enjoyment, B. introduced in evidence, without
objection, leases executed by A. to other tenants for the period from May 12,
1880, to April 30, 1881, and also from May 1, 1881, showing the rent agreed to
be paid for those periods ; and was also allowed to introduce, under objection, a
lease by A.'s grantee to the same tenants from May 1, 1882, to April 30, 1884,
showing the rent to be paid for that period.    The ground of objection at the trial
to the last lease was not stated, but certain grounds of legal distinction between
that and the other leases were urged at the argument in this court.    *Held*, that
the first ground of distinction, that the defendant was not a party to the last
lease, was immaterial, as the purpose was merely to show the rental value of the
premises for the plaintiff's term ; that the second ground, that there was evidence
that the entire rent reserved was not paid, did not affect the competency of the
evidence, but was only a matter for comment to the jury; and that as to the third,
that the lease covered a period one year later than the term of the lease to the
plaintiff, there being a gradual advance of the rents, it was to be assumed that,
as the lease was admitted to show the rental value till April 30, 1883, proper
instructions were given if asked for.

CONTRACT, by writ dated March 12, 1890.    The first count
of the declaration was for sixteen thousand five hundred dollars,

being money had and received by the defendant to the use of
the plaintiff for three years' rent of the premises in question.
The second count was as follows:

"And the plaintiff says the defendant executed and deliv-
ered to him a written lease of a certain store, numbered 101 on
State Street, in the city of Chicago in the State of Illinois,
whereby the defendant, in consideration of a certain rent to be
paid by the plaintiff, let said store to the plaintiff for the term
of three years, and covenanted that plaintiff should have posses-
sion of said premises during said term, and should have the quiet
enjoyment thereof; yet the defendant, wholly unmindful of said
covenant, took possession of said premises, and excluded the
plaintiff therefrom, and let the same to other persons through-
out the whole of said term, whereby the plaintiff has lost the
enjoyment of said premises and the profits thereof."

The answer alleged that the plaintiff had violated the condi-
tions of the lease, and forfeited all rights thereunder, and that
all money received as rent by the defendant was received not
to the use of the plaintiff, but of the defendant, and of the
owners of the premises in whose behalf the defendant acted in
making the lease.

Trial in the Superior Court, before *Bond*, J., who reported the
case for the determination of this court, in substance as follows.

The plaintiff introduced in evidence a lease from the defend-
ant to the plaintiff of certain premises in Chicago, dated March
11, 1880, for a term beginning with that date and ending on
April 30, 1883, for the rent of five thousand dollars per annum.
The plaintiff also put in evidence the following letter, written by
him to the defendant, dated Boston, March 22, 1880:

"I signed a lease of store 101 State St. in your city at $5,000
per year subject to reference to be approved by you, my indi-
vidual resources is not sufficient to engage in business without
the approval of Mr. Dwight Prouty, who I gave you as my backer,
and also to whom I referred you, he withheld his support in the
matter much to my disappointment, as I could not go on without
his aid in matter of credit, in coming back from your city I sub-
mitted the proposition to him and he at once refused, and I sup-
posed wrote you to that effect, as the signing of the lease by Mr.
Hale depended on my references I gave it up as settled that you

would not forward the lease under the circumstances of Mr. Prouty's disapproval."

No reply was received by the plaintiff to this letter. The plaintiff did not go to Chicago after the execution of the lease, and never entered upon the premises, or requested or demanded possession, or paid or offered to pay any rent for the same.

The plaintiff also introduced in evidence the record of the Superior Court for this county in the suit of the defendant against the plaintiff, showing that the defendant recovered judgment against the plaintiff for five thousand dollars, being one year's rent. The plaintiff further introduced evidence that in August, 1886, the defendant caused an execution on the judgment to be levied upon the property of the plaintiff, who on August 5, 1886, filed in the Supreme Judicial Court a petition for a review of the judgment and for a supersedeas of the execution ; that a writ of supersedeas was issued upon the plaintiff giving a bond with sureties as required by statute, and the petition for review was afterwards dismissed. Suit was afterwards entered in the Superior Court upon the bond, and it was ordered that judgment thereon should be suspended to enable the plaintiff to bring this action and try the same, to allow an offset of judgment as provided by statute. The amount for which execution should issue in the suit on the bond was $7,136.38, being the amount of the original judgment for one year's rent, with interest to February 19, 1890, and costs.

It appeared in evidence, that on May 12, 1880, the defendant made a written lease of the premises described in said lease to the plaintiff, one half to one Hall at an annual rent of $1,800, and the other half to one Campbell at an annual rent of $2,200, to April 30, 1881 ; that in February, 1881, the defendant, with others interested in the block of buildings in which the leased premises were situated, conveyed the same in fee to one Higgins by deed, in which the defendant reserved the rents from Hall and Campbell to March 1, 1881, and that the defendant received as rent from Hall and Campbell, from May 12, 1880, to March 1, 1881, $3,222.22, and that he laid out one hundred dollars upon the premises to fit them for two tenants ; and that at about the time of making the deed to Higgins the defendant made leases of the premises to Hall and Campbell, respectively, for one year beginning May 1, 1881, and ending April 30, 1882, by which they

were to pay an aggregate rental of five thousand dóllars per year, which was paid to Higgins, and that Higgins rented the premises to Hall and Campbell for the term of two years, beginning May 1, 1882, and ending April 30, 1884, at an aggregate annual rental of seven thousand dollars. The evidence as to the lease from May 1, 1882, to April 30, 1884, was introduced subject to the objection and exception of the defendant. There was evidence tending to show that the entire rent reserved in the lease last mentioned was not paid, and that the tenants who occupied the store at the time of the execution of the lease to the plaintiff continued to occupy it till May 1, 1880, and paid rent to the defendant.

It was not claimed by the defendant that the plaintiff ever consented to the leasing of the store to Hall and Campbell, or that the defendant ever accounted to the plaintiff for any part of the money received by him from Hall and Campbell. The leases to Hall and Campbell were substantially the same in form as the lease from the defendant to the plaintiff.

The defendant requested the judge to rule that the plaintiff was not entitled to recover anything; that there was no eviction, and the plaintiff was not entitled to a verdict on the second count; that if the plaintiff did not enter upon the premises, and did not intend to enter thereon or occupy the same under his lease, he cannot maintain the action upon the second count; that if the plaintiff did not enter upon the premises, and did not intend to enter thereon or occupy the same under the lease, he is not entitled to more than nominal damages, if anything, under the second count; that if the plaintiff did not enter upon the premises, he cannot maintain the action upon the second count; that if the plaintiff is entitled to more than nominal damages under the second count, and if the jury find an eviction by the defendant, the plaintiff can recover no more than the difference between the rent which he agreed to pay under the lease and the actual value of the leasehold estate at the time of the eviction; that if the jury find an eviction by the defendant, and if the plaintiff is entitled to more than nominal damages, he can recover no more than the difference between the amount which he agreed to pay under the lease and the value of the estate which he acquired under the lease at the time of the eviction;

that if the jury find that there was an eviction of the plaintiff, and that he is entitled to recover under the second count, he is not entitled to a verdict upon the first count; that if there was a breach of the covenants of the plaintiff, the defendant had a right to enter upon the premises and take possession thereof, and the plaintiff is not entitled to any damages therefor; that if the plaintiff was not disturbed in his possession, there was no eviction, and if he never entered under the lease, or intended so to do, there was no eviction; and that if the plaintiff did not quit the leased premises in consequence of the acts of the defendant, he is not entitled to recover for an eviction.

It was agreed that if the plaintiff was only entitled to recover on the first count, judgment should be entered for the sum of $3,122.20, with interest from the first day of March, 1881. The case was therefore submitted to the jury on the second count.

The judge ruled that there was an implied covenant for quiet enjoyment in the lease, and if the defendant, by reason of the leases and conveyance of said premises, intentionally put it out of his power to deliver possession of the leased premises to the plaintiff, the defendant was liable to the plaintiff, on the implied covenant for quiet enjoyment, for the loss of his bargain, and instructed the jury that the rule of damages for the first year of the lease was the proportionate part of the rent reserved in the lease for one year (five thousand dollars) for the time between May 12, 1880, and April 30, 1881, to which sum should be added such sum as the jury should find the rental value of the leased premises to be, for the time from May 12, 1880, to April 30, 1883, over the amount of rent reserved in the lease.

No exceptions were taken to the instructions of the court except such as are implied by the refusal to instruct the jury as requested by the defendant.

The jury found for the plaintiff, and assessed the damages in the sum of nine thousand four hundred and forty-five dollars and twenty-two cents.

If the plaintiff was not entitled to recover, judgment was to be entered for the defendant. If the plaintiff was only entitled to recover on the first count, judgment was to be entered for the plaintiff for the sum of $3,122.20, with interest from March 1, 1881. If the plaintiff was entitled to recover on the second

count any greater sum than $3,122.20, and interest as aforesaid, and there was no error in the exclusion of evidence, or in the refusal to rule as requested by the defendant, or in the instructions to the jury excepted to, then judgment was to be entered upon the verdict. If there was error in said rulings and refusal to rule, the Supreme Judicial Court should make such order as law and justice might require.

*W. F. Slocum & W. S. Slocum,* for the defendant.

*G. L. Mayberry,* (*H. N. Allin* with him,) for the plaintiff.

ALLEN, J. From the facts stated, it would seem probable that Riley, the present plaintiff, might have maintained a defence to the original action of Hale against him, at least as to a part of the rent therein demanded, on the ground that Hale, the lessor, had accepted a surrender or renunciation of the lease. *Talbot* v. *Whipple,* 14 Allen, 177. *Daniels* v. *Newton,* 114 Mass. 530. *Amory* v. *Kannoffsky,* 117 Mass. 351. *Deane* v. *Caldwell,* 127 Mass. 242. But he did not interpose this defence in season to make it effectual, and, having been defaulted, judgment against him for one full year's rent under the lease was taken by Hale; and Riley's subsequent efforts to avoid this judgment were unavailing. Hale thus insisted upon the validity of the lease for the purpose of enforcing the covenant for rent therein contained; but now he seeks to treat it as invalid, for the purpose of avoiding the implied covenant on his part for quiet enjoyment. This he cannot be allowed to do. He cannot treat the lease as valid for the purpose of securing one advantage, and then turn round and treat it as invalid for the purpose of securing a further advantage. *Bradley* v. *Brigham,* 149 Mass. 141, and cases there cited. *Ormsby* v. *Dearborn,* 116 Mass. 386.

It is now contended in behalf of Hale, that he had a right to relet the premises for the account of Riley, and hold Riley responsible for the loss in rent. It is a sufficient answer to this argument to say, that if he had such right he did not exercise it. He let the premises on his own account, and did not account to Riley for the rents received by him, but took judgment against Riley for a year's rent without credit or deduction.

Having thus made a decisive election to treat the lease as existing during that period, he must now stand to the consequences of such election. If Riley was bound as tenant for the

rent, Hale was bound as lessor on the implied covenant for quiet enjoyment; and Riley is not debarred from seeking damages for a breach of that covenant, by his failure to plead it in defence of the former action. A defence by way of recoupment is a privilege, not a duty. Riley was at liberty to resort to a cross action. *Hunt* v. *Brown*, 146 Mass. 253, 255, 256. *Fiske* v. *Steele*, 152 Mass. 260.

Assuming, then, that the relation of landlord and tenant existed between the parties, Hale was liable on his implied covenant for quiet enjoyment if he intentionally put it out of his power to deliver possession of the premises to Riley without Riley's consent. *Berrington* v. *Casey*, 78 Ill. 317. *Upton* v. *Townend*, 17 C. B. 30, 68, 71. *Hall* v. *Burgess*, 5 B. & C. 332. This was an act of the same nature as putting out a tenant who had taken possession.

The rule of damages as given was correct. If no rent had been paid, the measure of damages would have been the difference between the agreed rental and the actual value. But where a lessee has been excluded from possession, and nevertheless has been compelled to pay rent during the period of such exclusion, the amount so paid is to be added; otherwise his actual loss by reason of the breach of the implied covenant will not be made good. Taylor's Land. & Ten. (8th ed.) § 317. The contention in behalf of the defendant, that the plaintiff is only entitled in any event to nominal damages, rests on the assumption that the plaintiff voluntarily remained out of possession, though aware that the defendant would claim rent. But that assumption is unfounded, and it was not included in any of the defendant's requests for instructions.

For the purpose of proving the actual value of the term covered by his lease, the plaintiff put in evidence, without objection, the leases executed by the defendant to other tenants for the period from May 12, 1880, to April 30, 1881, and also from May 1, 1881, to April 30, 1882, showing the rents agreed to be paid for those periods; and he was allowed to introduce under objection a lease made by Hale's grantee to the same tenants for the period from May 1, 1882, to April 30, 1884, showing the rent agreed to be paid for that period. There was evidence, however, tending to show that the entire rent reserved in the

last mentioned lease was not paid.  The ground of objection taken at the trial to the last lease is not stated, but the only grounds of legal distinction between that and the other leases now urged are, that the defendant was not a party to it, that there was evidence tending to show that the entire rent reserved was not paid, and that it covered a period one year later than the term of the lease to the plaintiff, there being a gradual advance in the rents.  The purpose being merely to show the rental value of the premises for the plaintiff's term, the first ground of distinction was immaterial ; the second did not affect the competency of the evidence, but was only a matter for comment to the jury ; and in respect to the third, it is now to be assumed that, as the lease was admitted merely for the purpose of showing the rental value till April 30, 1883, proper instructions excluding from consideration the later period were given, if asked for.  The rentals were admitted, no doubt, not as conclusive tests, but only as evidence of the value of the plaintiff's term, and an objection resting on the ground that the last lease covered too long a period should be expressly stated at the trial, in order to be available by way of exception.

*Exceptions overruled.*