[No. 3758.    Decided December 23, 1901.]

JOSEPHINE DITMAR, *Respondent,* v. WM. H. DITMAR, *Appellant.*

DIVORCE — AWARD OF CUSTODY OF CHILDREN TO WIFE — ACTION BY HER FOR THEIR SUPPORT.

A divorced wife has a right of action against her former husband for expenses incurred by her in the support of their minor chidren and also for their future support, although she has had and retains the custody and control of such children under an award made in the decree of divorce.

SAME — ATTORNEY'S FEES.

In an action by a divorced wife against her former husband to recover for the support of their minor children, she is not entitled to a judgment for attorney fees.

Appeal from Superior Court, Lincoln County.—Hon. CHARLES H. NEAL, Judge. Modified and affirmed.

*N. T. Caton* and *Mount & Merritt,* for appellant.

*Martin & Grant,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—The appellant and respondent were formerly husband and wife, having been lawfully mar-

ried in the state of Oregon in August, 1879. There were born to them five children, who were on the 3d day of May, 1895, of the respective ages of 15, 13, 13, 10 and 7 years. On the date last named a divorce was granted the respondent from the appellant, in the decree for which she was awarded the care and custody of the children, the court finding 'that the appellant was "by conduct and character" an unfit person to have their care or control. The property of the parties, which was not of any considerable value, was divided between them, the wife receiving the major portion. This action was instituted in July, 1899, by the respondent, to recover from the appellant the amount expended by her in the care and maintenance of the children subsequent to the divorce, and to compel him to make suitable provision for their future support. The trial court found that the respondent had expended in the care and education of the children the sum of $495 over and above the value of their labor; that the three older children were able to care for themselves; that the others were not so, and that the sum of $12.50 per month was necessary for their future maintenance and education above such support as the respondent was able to furnish. It was also found that the respondent was without property more than sufficient to meet her outstanding obligations; that the appellant had ample means to support the children, and had refused, when requested so to do, to contribute anything whatsoever to their support. On these findings a decree was entered awarding to the respondent one-half of the sum the court found she had theretofore expended in the maintenance and education of the children, and directing him to pay towards the future support and education of the younger children the sum of $12.50 per month until

the further order of the court; further decreeing that the appellant pay into court the sum of $100 for the use of respondent as attorney's fees.

The learned counsel for the appellant make no question on the facts found by the court, but plant themselves upon the broad proposition that a divorced wife cannot maintain an action against her former husband for expenses incurred by her in the support of their minor children, where in the decree for divorce the custody of such children has been awarded to her, or for their future support so long as she maintains their custody and control. Many cases are cited which seemingly support their contention, and it may be, as counsel contend, that the weight of authority is with them. The contrary view, however, is not without support in authority from other jurisdictions, and we have held that such an action could be maintained. *Gibson v. Gibson,* 18 Wash. 489 (51 Pac. 1041, 40 L. R. A. 587). It is true that in that case the question of the right to recover for moneys expended for past support was not directly involved, yet the court reviewed certain of the authorities cited maintaining the position that such expenditures were not recoverable, and said it did not think they were rightly decided; saying further that those decisions lost sight of the fact that the right to the services of the children had been forfeited by the father, and that it "violates our sense of justice to allow a father to plead his own wrong as an excuse for relieving himself from an obligation. Presumably the custody of the child is taken from him because he is not worthy of its care and custody, and this doctrine in effect releases from an obligation the unworthy parent and imposes an additional burden upon the worthy one." This argument applies with all its force to the case before us.

Here, the wife was granted a divorce from the husband because of his extreme cruelty. He was also found to be unfit in conduct and character to have the control of their children. Clearly, the wife has every right, moral and equitable, to be reimbursed to the amount of a just proportion of the expense she has been put to in the performance of a duty which equally belonged to both; and the technical legal reason on which the contrary doctrine is based ought not to be permitted to outweigh the evident justice of her claim. On principle we believe the doctrine of the case from this court to be right, and, though strongly urged so to do, we must decline to either overrule or modify it.

The court erred, however, in allowing the attorney fee. *Trumble v. Trumble, ante,* p. 133 (66 Pac. 124). For this error the cause will be remanded to the lower court, with instructions to modify the decree by striking out the clause requiring it to be paid. In all other respects the decree will stand affirmed.

REAVIS, C. J., and DUNBAR and ANDERS, JJ., concur.

MOUNT, J., not sitting.