[No. 10892.    Department Two.    December 29, 1913.]

FANNY SCHOENNAUER, *Respondent*, v. ARTHUR C. J. SCHOENNAUER, *Appellant*.[1]

PARENT AND CHILD—ACTION FOR SUPPORT — DEFENSES — DIVORCE—EFFECT.   A decree of divorce on the ground that the wife had abandoned her husband, does not preclude a subsequent action by the wife to recover for the support of a minor child, where the complaint in divorce made no mention of the child and no steps were taken to give the court jurisdiction to make proper orders for its custody and support, or any disposition of the property rights of the parties.

DIVORCE—CUSTODY AND SUPPORT OF CHILD—JURISDICTION.   The fact that the defendant wife in an action for divorce was a nonresident, does not prevent the court from making orders for the custody and support of a child, if defendant appears and submits herself and child to the jurisdiction of the court.

PARENT AND CHILD—DUTY TO SUPPORT—DIVORCE.   The duty of a father to provide support for his minor child cannot be escaped by obtaining a decree of divorce from his nonresident wife, ignoring the existence of the child.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered July 22, 1912, upon findings in favor of the plaintiff, in an action to recover for the support of a minor child.   Affirmed.

*M. J. McGuinness* and *Robert McMurchie*, for appellant.

*McClure & McClure* and *Howard Waterman*, for respondent.

CROW, C. J.—Plaintiff and defendant were formerly husband and wife, and are the parents of a minor son, now about ten years of age.   They lived in Chicago, Illinois, until December 17, 1906, at which time the husband moved to Seattle; his wife and child remaining in Chicago.   On January 30, 1908, the husband commenced an action for a divorce in the superior court of Snohomish county.   Service was made by

[1]Reported in 137 Pac. 325.

publication. The wife defaulted, and on April 20, 1908, a decree was entered granting a divorce on the ground of abandonment. The complaint made no mention of the minor child or of any property rights, nor did the final decree contain any reference thereto. The child remained with, and has since been supported by the mother, who, on March 4, 1911, commenced this action in the superior court of King county, against her former husband, the defendant herein, to recover $1,200 expended by her in supporting the child, and to obtain an order requiring defendant to make monthly payments for future support of the child. From a judgment in plaintiff's favor for $400, and for the further sum of $10 per month to be hereafter paid, defendant has appealed.

Appellant contends that the decree, which is not assailed, constitutes an adjudication to the effect that he was in fact abandoned by his former wife, and that she was in the wrong. He alleges that, after he came to this state, he requested his wife to join him; that he provided her with means for so doing, but that she at all times refused. Respondent alleges that she did not abandon appellant, but that he abandoned her; that she had no actual knowledge of the divorce action until long after the final decree had been entered; and that the appellant has remarried, for which reason she has refrained from attacking the validity of the decree. At the trial, the record in the action for divorce was, upon stipulation, admitted in evidence. The trial judge thereafter refused to admit any other evidence, further than such as would show what disbursements respondent had made in supporting the child, and what such support would hereafter cost. Respondent offered to show that, about three years after her marriage to appellant, she instituted an action for divorce in the courts of Illinois; that her action was prosecuted to a final judgment for separate maintenance, which judgment also awarded her custody of the child, and alimony payable monthly; that shortly thereafter, learning that appellant had sold his real estate and was about to leave for Seattle, she

caused his arrest; that, by reason of his persuasion, she and appellant then resumed their relations as husband and wife; that, immediately thereafter, he, without warning, abandoned her and came to Seattle; that she wrote him repeatedly during the succeeding year; that he sent her railroad transportation to bring her to Seattle, but that she was too ill to travel; that her illness continued for several months; that she wrote appellant advising him that she would come to Seattle as soon as she was able to undertake the journey; that she did not hear from him thereafter; that she wrote him repeatedly; and that she had no knowledge of the divorce proceedings until after the entry of the decree. This and other offers made by respondent were excluded, upon appellant's objection. Evidence was admitted showing that the appellant had remarried, and disclosing his present income.

The record before us is devoid of any suggestion that, in the action for divorce, at any time subsequent thereto, or in this proceeding, after respondent had subjected herself to the jurisdiction of the courts of this state, appellant attempted to obtain the custody of the child, offered to provide the child with a home, or contributed to its support. Appellant's sole contention is that, because the decree of divorce, which has not been assailed, was rendered on the ground that he had been abandoned by his wife, she was in fault; that she must be so considered for all purposes; that she has wrongfully retained the custody of the child, and that she is not entitled to any recovery herein.

This contention is without merit and cannot be sustained. Whether it be assumed that appellant abandoned his wife, or that she abandoned him, the rights of their child would not be affected, nor would the appellant be relieved of the duties or obligations imposed upon him to contribute to its support. Conceding that the abandonment of appellant by respondent has been adjudicated by the superior court of Snohomish county, it would not follow that the minor child could not have been awarded to respondent, nor that suitable provision

for its support at appellant's expense could not have been made, had the superior court of Snohomish county obtained the necessary jurisdiction to make proper orders for such custody and support. In his complaint for the divorce, appellant made no allegation whatever with reference to the child. He now insists that it was not necessary to do so, for the reason that respondent could only be served by publication, and that the courts of this state would not have personal jurisdiction of respondent, but would only have jurisdiction of the marriage status. The purpose of service by publication is to give notice to a defendant, and it must be assumed that a defendant upon receiving such notice may voluntarily appear and defend. Appellant could not assume, when preparing his complaint, that the respondent might not appear and subject herself and child to the jurisdiction of the court. The omission of any reference to the child in his complaint was not respondent's fault. We fail to understand any principle upon which it can be held that respondent's right to obtain compensation for supporting the child, or to obtain a decree for its future support, has been foreclosed by the decree of divorce upon which appellant now relies. Rem. & Bal. Code, § 989 (P. C. 159 § 15), provides that,

"In granting a divorce, the court shall also make such disposition of the property of the parties as shall appear just and equitable, having regard to the respective merits of the parties, and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens imposed upon it for the benefit of the children, and shall make provision for the guardianship, custody and support and education of the minor children of such marriage."

Where a divorce has been granted upon constructive service in a foreign jurisdiction, and without any adjudication of property rights, the courts of this state, upon obtaining jurisdiction of the subject-matter and the parties, may grant relief relative to property rights. In *Adams v. Abbott*, 21 Wash. 29, 56 Pac. 931, it appeared that the defendant had

deserted his wife in the state of Wyoming; that she obtained a decree of divorce in that state upon constructive service; and that the decree made no disposition of their property rights. The parties owned real estate in this state, and thereafter the former wife brought an action in the courts of this state for a division of the property and for alimony. In passing upon the issues thus raised, we said:

"The question of importance discussed here is whether the plaintiff can maintain this action. It is apparent that the district court of Wyoming only had jurisdiction to decree a divorce, and there was no adjudication of the property rights of the plaintiff and defendant in the case before that court. The disposition of the property between plaintiff and defendant in this state must depend upon the law here. It is true, as stated by counsel for defendant, that a decree of divorce between the parties here puts the property matters at rest, as determined in *King v. Miller*, 10 Wash. 274 (38 Pac. 1020); but in that case the property rights were in issue, and the court had jurisdiction to determine the same. The parties and the subject matter of the litigation were before the court. In the decree made by the Wyoming court, neither the defendant nor the property was within the jurisdiction of the court. The Wyoming court had jurisdiction over the status of the plaintiff only, the defendant not being personally served with process and not having submitted to the jurisdiction of the court; and it seems that in such cases the wife may afterward obtain from the court of the domicile of the husband further relief as to the property and alimony."

Commenting on Ballinger's Code, § 5723 (Rem. & Bal. Code, § 989), we further said:

"It is true, a decree for the disposition of the property of the parties, upon the dissolution of the marriage, such as shall appear just and equitable, and having regard to the respective merits of the parties and to the condition in which they will be left, provided for in § 5723, Bal. Code, is incidental to divorce; but it is not identical with it, or a necessary part of it, and there should be sufficient reason shown why such disposition of the property was not made pending the action when the divorce was granted. The cause for such disposition of the property of married persons, and the au-

thority of the court to make such decree upon the respective property rights, arise from the divorce—the dissolution of the marriage status,—and we think it was appropriately done here, and that the court had jurisdiction to try the cause."

While the case cited adjudicates property rights only, it will be noted that Rem. & Bal. Code, § 989, to which it refers, also provides that the court shall make provision for the guardianship, custody and support and education of minor children. There seems to be no sound reason why the principle announced by this court relative to property rights should not be applied in this case. In *Gibson v. Gibson*, 18 Wash. 489, 51 Pac. 1041, 40 L. R. A. 587, this court said:

"The pertinent question and the one question that really affects appellant is the right of the court to enter a judgment against him for the support of the minor child, and the question resolves itself into this: Can a divorced wife bring an action against her former husband for maintenance for a minor child whose custody has been awarded to her? . . . It is a well established rule of law, and, we think, uncontradicted, that the maintenance of children is a matter which the court can adjudicate at different times during the minority of the child."

Again in *Ditmar v. Ditmar*, 27 Wash. 13, 67 Pac. 353, 91 Am. St. 817, where it appeared that a divorced wife had sued her former husband for expenses incurred by her in the support of their minor children, and also for their future maintenance and education, we sustained a judgment against the father for one-half the amount expended by the mother, and for the payment of a monthly sum in the future, saying:

"Clearly, the wife has every right, moral and equitable, to be reimbursed to the amount of a just proportion of the expense she has been put to in the performance of a duty which equally belonged to both; and the technical legal reason on which the contrary doctrine is based ought not to be permitted to outweigh the evident justice of her claim. On principle we believe the doctrine of the case from this court [*Gibson v. Gibson, supra*] to be right, and, though strongly urged to do so, we must decline either to overrule or modify it."

Appellant insists that neither the *Gibson* nor the *Ditmar* case is pertinent, as in each of these the legal custody of the children had been awarded to the wife in a previous divorce decree. That circumstance does not preclude an application of the principle of those cases to the facts here shown. It is elementary law that the natural duty of a father imposes upon him a legal obligation to provide support for his minor children, and he cannot escape such duty by obtaining a decree of divorce from his nonresident and absent wife, upon constructive service, in an action in which he ignores the existence of his children, for whom he has made no provision, and whom he, in effect, abandons. The contention of appellant, if followed to its legitimate conclusion, would require us to hold that respondent is without remedy, although appellant has permitted her to retain the custody of the child, has not contributed to its support, and has ignored all parental obligation which the law has imposed upon him. This we cannot do.

The judgment is affirmed.

PARKER, GOSE, CHADWICK, and MOUNT, JJ., concur.