[No. 14010.   Department Two.   August 22, 1917.]

JAMES DEAVER, *Appellant*, v. GEORGE TRAHEY, *Respondent*.[1]

APPEAL — PRESERVATION OF GROUNDS — NECESSITY OF MOTION FOR
NEW TRIAL.  Under Rem. Code, § 382, providing that it shall not be
necessary to take exceptions to any ruling or decision embodied in
a written judgment, a motion for a new trial is not a prerequisite
to an appeal from the dismissal of an action at law tried to the
court in which no findings were made.

ABATEMENT AND REVIVAL—ANOTHER ACTION PENDING—INDEPENDENT
CAUSE OF ACTION.  The defendant in an action for the specific per-
formance of a contract to convey land, or in the alternative, to
return payments made on the purchase price, is not bound to set
up therein an independent cause of action upon a promissory note
executed to him by plaintiff not mentioned in the former suit or
connected with the contract of sale; and the former action cannot
be pleaded in abatement, as another action pending, in answer to
defendant's action upon the note.

Appeal from a judgment of the superior court for Kitsap
county, French, J., entered July 29, 1916, in favor of the de-
fendant, in an action on a promissory note, tried to the court.
Reversed.

*Garland & McLane* (*J. Vernon Metcalfe*, of counsel), for
appellant.

*Wm. C. Bading*, for respondent.

PARKER, J.—The plaintiff, Deaver, seeks recovery upon a
promissory note, executed and delivered to him by the de-
fendant, Trahey.  Trial upon the merits in the superior
court for Kitsap county sitting without a jury resulted in
judgment in favor of the defendant.  The judgment was ren-
dered by the trial court upon the theory that, in another ac-
tion pending between the same parties, there was being liti-
gated the question of the plaintiff's right to recover from
the defendant upon the note here sued upon.  From this dis-
position of the cause, the plaintiff has appealed to this court.

[1]Reported in 167 Pac. 68.

Respondent moves to dismiss the appeal.    This motion seems to be rested wholly upon the ground that appellant made no motion for new trial.    The contention seems to be that, since there were no findings of fact made by the trial court nor recitals in the judgment which could be construed as findings of fact, a motion for new trial was necessary in the sense that exceptions to findings of fact are necessary. We are unable to agree with this contention.    There being no findings of fact, appellant was not called upon to take any exceptions to the court's conclusions as to what the facts were, nor was appellant required to take exceptions to the court's judgment.    Section 382, Rem. Code, provides that:

"It shall not be necessary or proper to take or enter an exception to any ruling or decision  .  .  .  which is embodied in a written judgment, order or journal entry in the cause.  .  .  ."

The motion to dismiss is denied.

The controlling facts are not in dispute.    The note here sued upon was executed on November 10, 1909.    It is for the principal sum of $200, with twelve per cent interest thereon, no part of which has been paid.    The record in the pending action, which is here offered in evidence, discloses the following facts, in so far as we need notice them:    In July, 1909, appellant entered into a contract with respondent by the terms of which he agreed to sell, and respondent agreed to purchase, certain real property in Kitsap county.    Payment therefor was to be made in installments.    After a number of the installments had been paid to appellant, he conveyed the property under such circumstances as to render doubtful his ability to cause good title to be vested in respondent in pursuance of the contract of sale.    Respondent then commenced that action, seeking specific performance of the contract, offering payment of the balance which he claimed to be due upon the contract, and seeking in the alternative, in the event specific performance could not be had

because of appellant's conveyance of the property, that appellant be required to account for the payments made to him by respondent upon the purchase price, and that judgment be rendered accordingly. The note here sued upon is not mentioned in any of the pleadings or evidence introduced in that action, in so far as the proof in this record shows. The note is in no manner drawn in question in that action, unless we are to hold that it is necessarily involved in the accounting therein prayed for by respondent.

The defense of another action pending, here made in respondent's behalf, is rested upon the theory that appellant was bound to set up this note as a set-off or counterclaim in that action as against the claim of respondent for an accounting therein. This, it seems to us, is nothing more than a contention in respondent's behalf that this note must be set up as a defense or counterclaim against whatever damage may have been suffered by respondent from a breach of the contract of sale of the property by appellant.

Now nothing could seem plainer from the record before us than that the execution of this note was wholly unconnected with the sale contract and the alleged damages flowing from its breach which were sought to be recovered in the event specific performance could not be had. In other words, this note constitutes a cause of action in favor of appellant and against respondent wholly independent of all matters drawn in question in that action. It being clear that this note was not in fact drawn in question in that action, either by pleadings or evidence, the question here is, Was it necessarily involved therein in the sense that the judgment to be rendered in that action would become *res judicata* of appellant's right to recover in this action upon the note? It seems settled by the great weight of authority, in the absence of statute, that a defendant, having a cause of action against a plaintiff wholly independent of the claim and relief sought by the plaintiff in the particular action, is not bound to set up such

independent cause of action as a defense in the action, even though his cause of action is such that he may be permitted to do so, but may bring an independent action to enforce his claim without being subjected to the plea of another action' pending or of *res judicata* as a defense thereto. In 15 R. C. L. 972, it is said:

"The distinction between defenses which are lost if not set up by a defendant and those which need not be invoked by him depends on the closeness of the relationship between the plaintiff's cause of action and the defense. A fact which is impliedly or expressly involved in a judgment is considered merged therein so that it cannot be again litigated, but a separate cause of action will not necessarily be merged, and therefore need not be pleaded as a defense. While a judgment is decisive of the points raised by the pleadings, or which might properly be predicated upon them, it does not embrace any matters which might have been brought into the litigation, or causes of action which the plaintiffs might have joined, but which in fact are not joined or embraced in the pleadings. It is generally held that a set-off may or may not be pleaded, at the election of the defendant; and if not pleaded, the right to sue upon it as an independent cause of action, or to rely upon it in defense to another action by the same plaintiff, is not affected or impaired by a judgment against the defendant."

These observations and the following authorities seem to us to render it plain that the pendency of the action, which respondent here claims as being a defense against appellant's right to recover upon this note, is unavailing to respondent in this action. 34 Cyc. 758; *Roach v. Privett*, 90 Ala. 391, 7 South. 808, 24 Am. St. 819; *Indiana Farmers' Live Stock Insurance Co. v. Stratton*, 4 Ind. App. 566, 31 N. E. 380; *Trautwein v. Twin City Iron Works*, 55 Minn. 264, 56 N. W. 750; *Riley v. Hale*, 158 Mass. 240, 33 N. E. 491; *Brice v. Starr*, 93 Wash. 501, 161 Pac. 347.

We conclude that the judgment of the trial court must be reversed ·and appellant awarded judgment against respondent for the full amount of the principal of the note, to-

gether with interest thereon at twelve per cent per annum from November 10, 1909.

The cause is remanded to the superior court with directions that it enter judgment accordingly.

ELLIS, C. J., HOLCOMB, MOUNT, and FULLERTON, JJ., concur.