In the Matter of FRANK H. SHELDON, Respondent, Appellant, and FRANCIS H. SHELDON and CAROLYN A. SHELDON, Children under Sixteen Years of Age.

CAROLYN SHELDON, Petitioner, Respondent.

Fourth Department, September 23, 1936.

*Frank W. Barnes,* for the appellant.

*Joseph A. Page, Assistant District Attorney,* for the respondent.

TAYLOR, J. On the petition of appellant's wife the Children's Court in and for the County of Oneida entered a judgment on December 21, 1935, declaring appellant to be " liable for the support and maintenance of his * * * children " and directing that appellant contribute toward their support by paying into court each week the sum of eight dollars for six months and thereafter the sum of ten dollars weekly until the further order of the court. At the time an action for separation brought by the wife against appellant was pending wherein the Supreme Court had apparently

made an order granting temporary alimony to the wife. But no provision, even temporary, was made for the children and no judgment so far as this record shows has been entered. However, the official referee, to whom the case had been referred, has written an opinion, which we find in the record, denying relief to the plaintiff wife, and seemingly for good reason. The determination of the Children's Court has been affirmed by the Supreme Court at Special Term and is before us on this appeal.

The Children's Court Act (Laws of 1922, chap. 547, as amd.) states that the court has original jurisdiction of neglected and abandoned children (§ 6, subd. 1, cl. g) and also (§ 6, subd. 2) that the court has original jurisdiction subject to the jurisdiction of a court of record in a civil action or proceeding to inquire into, hear and determine the liability of any person who abuses, neglects or willfully fails to provide for the proper maintenance of a child.

It is clear from the testimony given in the Children's Court by the wife herself that she voluntarily left her husband before starting the separation action and took with her the two children and all the household furniture to her father's home where she and the children have since resided; that she has refused to return to her husband and his home with the children, although the husband has importuned her to do so; that she has money in the bank and that the children are neither neglected nor at all in want of maintenance or need of proper care.

It has been stated that it is not necessary in such a proceeding as this to prove that the children are in actual want; that it is sufficient if the welfare of the children with respect to their maintenance and freedom from neglect and abuse warrants court action. We accept this as the law of this case. But even conceding that the Children's Court had jurisdiction because the Supreme Court in the separation action had made no provision for the maintenance of the children (*Rosenberg* v. *Rosenberg*, 241 App. Div. 411), we see no occasion for the granting of the order on appeal. From the state of facts mentioned we do not find that appellant has abused, neglected or willfully failed to provide for the proper maintenance of his children within the contemplation of the Children's Court Act. The father expresses every willingness and a strong desire to care for his children and wife in his own home. According to his testimony he is financially able to do so. No good reason appears for the wife's refusal to join him in his home with the children. The record does not indicate that the welfare of the children at present or in the immediate future requires the interposition of a court. The children are not being abused or neglected; are not suffering through lack of proper care or maintenance in

any way. Some future day may present a situation as to this family such that the welfare of these children will demand compulsion of appellant through the courts, but that day is not here under this record. We recognize the general obligation resting upon this father to properly care for and maintain his children according to his station in life, but to brand him as an undutiful and cruel and law-breaking parent in the present state of affairs does not meet with our approval.

The judgment appealed from should be reversed and the proceeding dismissed.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and LEWIS, JJ.

Judgment reversed on the law and facts, without costs, and proceeding dismissed.