IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Matter of the Marriage of | ) | No. 32787-6-III |
| | ) | |
| JOSHUA PEZZULLO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| REBECCA PEZZULLO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

PENNELL, J. — This appeal involves whether the superior court has authority to award back child support when an individual files for a parenting plan under the Uniform Parentage Act of 2002, chapter 26.26 RCW, while conceding paternity. We agree that the superior court has this authority and therefore affirm the award of back child support. However, we deny respondent's request for attorney fees.

## FACTS

Joshua Pezzullo and Rebecca Pezzullo were previously married. They had a son, G.P., born during the marriage. A Louisiana court granted the Pezzullos a divorce in 2004. The judgment of divorce did not acknowledge G.P. as a child of the marriage, provide for a parenting plan, or order child support.

Since the divorce, G.P. has lived with Ms. Pezzullo in Benton County, Washington, while Mr. Pezzullo served in the United States military and then worked as a military contractor until approximately 2013. Mr. Pezzullo visited his son sporadically by agreement with Ms. Pezzullo between 2004 and 2013. During that time, he paid $1,750 total in child support to Ms. Pezzullo, an amount that equates to less than $20 per month. Mr. Pezzullo remarried and lives in Michigan with his wife and two children from that marriage.

In 2013, Mr. Pezzullo commenced the present action by filing a petition for a parenting plan and child support pursuant to RCW 26.26.130(7)(b) and RCW 26.26.375. The petition acknowledged paternity on grounds that G.P. was born during the marriage. The parties agreed to a final parenting plan but disagreed as to child support. A superior court commissioner entered an order of child support, which included back support in the amount of $93,796.32 for the five years preceding Mr. Pezzullo's petition. The order of support included the following statement:

2

> The Court ordered back child support pursuant to RCW 26.26.134 because the parties were divorced in another state in 2004 without addressing the parties' minor child in any respect. This action was brought by the father correctly under RCW 26.26. . . .

Clerk's Papers (CP) at 55-56. Mr. Pezzullo requested revision of the child support order by a superior court judge. The judge affirmed the commissioner's order. Mr. Pezzullo filed a notice of discretionary review in Benton County Superior Court on September 8, 2014, and it was received by this court on September 22, 2014. A commissioner of this court determined the matter was appealable as a matter of right and struck the motion for discretionary review. Mr. Pezzullo appeals.

## ANALYSIS

*The Order Granting Back Child Support*

Mr. Pezzullo contends the superior court should have revised the commissioner's ruling because the commissioner erroneously applied RCW 26.26.134 in ordering back child support. When ruling on a motion for revision, the superior court reviews the commissioner's decision de novo based on the evidence and issues before the commissioner. *In re Marriage of Moody*, 137 Wn.2d 979, 992-93, 976 P.2d 1240 (1999). On appeal, this court reviews the trial court's ruling, not the commissioner's. *In re Marriage of Fairchild*, 148 Wn. App. 828, 831, 207 P.3d 449 (2009).

Mr. Pezzullo argues that because the parties were previously married and paternity

was not at issue, the commissioner should have applied the provisions of chapter 26.09 RCW when determining child support instead of the provisions of the Uniform Parentage Act. The significance of Mr. Pezzullo's argument is that while the Uniform Parentage Act authorizes awards of back child support, chapter 26.09 RCW does not. *Compare* RCW 26.26.130(3) (stating the judgment and order shall contain "the extent of any liability for past support furnished to the child") *with* RCW 26.09.170(1) (generally requiring that modifications for child support occur only prospectively). Because resolution of this matter turns on statutory interpretation, our review is de novo. *In re Marriage of Dodd*, 120 Wn. App. 638, 645, 86 P.3d 801 (2004). "Absent ambiguity, [this court] interpret[s] the plain language of the face of the statute and closely related statutes in light of the underlying legislative purpose." *Id.*

It is undisputed that Mr. Pezzullo brought this action under the Uniform Parentage Act. Furthermore, he concedes that he was required to do so. The Uniform Parentage Act specifically contemplates creating a parenting plan for an individual, such as Mr. Pezzullo, who has established parentage through an unrebutted presumption of parentage due to marriage. RCW 26.26.011(21), .101(5), .116, .130(7)(a). Given these statutory provisions and Mr. Pezzullo's concessions, the argument that the request for back support should have been addressed under chapter 26.09 RCW instead of the Uniform Parentage Act must fail.

4

There is no particular inequity in this result. Even in the context of a dissolution action, there is common law authority to impose some limited back child support or "equitable contribution" when the original dissolution decree is silent as to support. *See In re Marriage of Shoemaker*, 128 Wn.2d 116, 123, 904 P.2d 1150 (1995); *Scott v. Holcomb*, 49 Wn.2d 387, 389-90, 301 P.2d 1068 (1956); *Henry v. Russell*, 19 Wn. App. 409, 412, 576 P.2d 908 (1978).

The only authority Mr. Pezzullo cites in support of his arguments against back child support is *In re Doe*, 38 Wn. App. 251, 684 P.2d 1368 (1984). However, *Doe* is inapposite. There the putative father denied paternity and the court ultimately dismissed the case for lack of personal jurisdiction. 38 Wn. App. at 253-54. In contrast, here, Mr. Pezzullo acknowledged paternity, and none of the policy concerns raised when an unknowing father is held liable for back support are applicable. *See In re Parentage of I.A.D.*, 131 Wn. App. 207, 218-19, 126 P.3d 79 (2006). Thus, Mr. Pezzullo fails to cite any relevant supporting authority that would justify relieving him from paying the back child support ordered by the commissioner and affirmed by the superior court on a motion for revision.

*Attorney Fees*

Ms. Pezzullo requests attorney fees on appeal pursuant to RCW 26.26.140. While we have discretion to award attorney fees, we decline to do so. Furthermore, we decline

5

No. 32787-6-III
*In re Marriage of Pezzullo*

to impose fees as sanctions under RAP 18.9(a).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____        _____
Siddoway, J.                              Korsmo, J.

6