[No. 30799. Department Two. July 22, 1949.]

*In the Matter of the Application for a Writ of Habeas Corpus of* BERTON L. GOSSETT, *Appellant,* v. TOM SMITH, *as Superintendent of the Washington State Penitentiary, Respondent.*[1]

*Berton L. Gossett, pro se.*

*The Attorney General* and *C. John Newlands, Assistant,* for respondent.

[1]Reported in 208 P. (2d) 870.

ROBINSON, J.—This is an appeal from an order denying an application for a writ of *habeas corpus.*

On June 2, 1941, the petitioner pleaded guilty, in the superior court of Whatcom county, to an information charging him with having committed murder in the second degree. Thereupon, the court, acting through the Honorable Hobart S. Dawson, a judge thereof, entered a judgment and sentence adjudging appellant to be guilty of the offense charged and imposing a sentence of imprisonment in the state penitentiary at Walla Walla "for a period of not less than ten years nor more than twenty-five years."

On September 13, 1941, the same court, having Gossett returned before it, entered a purported judgment and sentence, identical with the judgment of June 2, 1941, except that it omitted the minimum sentence. It is reasonably inferable, from the record before us, that this action was taken in the belief that the judgment and sentence entered on June 2, 1941, might be void because of the inclusion of a minimum sentence therein. Subsequently, the board of prison terms and paroles fixed appellant's minimum sentence at not less than fifteen years, to become effective on September 13, 1941.

In June, 1948, appellant applied to this court for a writ of *habeas corpus.* Early in the following July, the then chief justice of this court issued an order to the respondent, as superintendent of the Washington state penitentiary at Walla Walla, requiring him to show cause before the superior court of Whatcom county on August 23, 1948, why the writ prayed for should not be issued. He filed a demurrer to the petition for the writ, and thereafter, on the day set for hearing, appeared before the court, acting through Judge Dawson, who, after considering the matter and hearing argument with respect thereto, entered the following order:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that petitioner's application for a writ of habeas corpus be and the same is hereby denied and respondent is hereby discharged from further answer to the order to show cause.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the judgment and sentence signed June 2, 1941 in Criminal Cause No. 5828 in the Superior Court of the State of Washington for Whatcom County, be and the same is hereby declared to be a valid and subsisting judgment, though the following language therein is surplusage and of no effect: '. . . Less than 10 years nor . . . ,' and as a consequence the term commenced as of June 2, 1941.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the judgment and sentence signed September 13, 1941, in Criminal Cause No. 5828 in the Superior Court of the State of Washington for Whatcom County, be and the same [is] hereby declared to be a nullity.

"DONE in Open Court this 23rd day of August, 1948.

"s/ HOBART S. DAWSON
JUDGE"

The respondent, superintendent of the penitentiary, and his counsel admitted the validity of appellant's contention that the purported judgment of September 13, 1941, was void, and, as plainly appears in the order just above quoted, the superior court of Whatcom county so held. It also held that that part of the judgment and sentence of June 2, 1941, which fixed a minimum sentence, that is, the words "Less than ten years nor," were separable from the rest of the sentence, and ordered them deleted, leaving the remainder of the sentence effective.

Appellant stoutly contends that the superior court had no right or authority to do this, and that the judgment of June 2, 1941, is altogether void. In *State v. Feilen*, 70 Wash. 65, 67, 126 Pac. 75, Ann. Cas. 1914B, 512, 41 L.R.A. (N.S.) 418, it was said:

"When a sentence is legal in one part and illegal in another, it is not open to controversy that the illegal, if separable, may be disregarded and the legal enforced. *United States v. Pridgeon*, 153 U. S. 48; *State v. Williams*, 77 Mo. 310, 313."

We have cited, and applied, that holding in subsequent opinions. We quote briefly from the opinion in *In re Clark*, 24 Wn. (2d) 105, 113, 163 P. (2d) 577:

"When a sentence is legal in one part and illegal in another, the illegal part, if separable, may be disregarded, and the

legal part enforced. *State v. Feilen*, 70 Wash. 65, 126 Pac. 75, Ann. Cas. 1914B, 512. That portion of the judgment which fixed appellant's confinement at not more than twenty years was legal and proper under the statute, and the remainder, of which appellant complains, will be disregarded as surplusage. 24 C. J. S. 116, Criminal Law, § 1586."

In the case of *Williams v. McCauley,* 7 Wn. (2d) 1, 7, 108 P. (2d) 822, a case wherein the trial court had imposed an excessive minimum sentence, it was held, on appeal from an order denying an application for a writ of *habeas corpus*:

"While we are of the opinion that the minimum of fourteen years imposed by the trial court in this case was void, being beyond the authority of the court to impose, we are clearly of the opinion that the appellant is not entitled to be discharged in this case, in view of the fact that he has not served the maximum term, which was legally imposed."

We are satisfied that the superior court did not err in striking the words imposing a minimum sentence from the judgment and sentence of July 2, 1941.

The vital question presented by this appeal is: Is the judgment entered on June 2, 1941, as it now reads after the deletion made in the order appealed from, a valid and subsisting judgment, as the order recites? We think it is such a judgment, and one not subject to collateral attack by *habeas corpus* proceedings. In *Williams v. McCauley, supra,* we adopted a rule found in a note in 76 A.L.R., beginning at page 468, entitled "Illegal or erroneous sentence as ground for habeas corpus." We quote, beginning at the bottom of the first column on page 469:

"The majority of decisions, and especially those more in consonance with reason and justice, are averse to the discharge of criminals who have been duly convicted, when the application for their release is by petition for habeas corpus based on some error, omission, or mistake in the judgment or sentence which might have been cured or corrected by writ of error or appeal. 12 R.C.L. 1207. Accordingly, it seems well settled that, when the court has jurisdiction of the person and the subject-matter, and the punishment is of the character prescribed by law, habeas corpus will not lie for the release of a prisoner because of

mere errors, irregularities, and defects in the sentence which do not render it void."

It is said, about the middle of column one:

". . . it is now generally conceded that, in order to render a judgment immune from attack, the court must have had not only jurisdiction of the subject-matter and of the person of the defendant, but also authority to render the particular judgment in question, and if either of these elements is wanting the judgment is fatally defective and open to collateral attack."

The rule just quoted was quoted and applied in *In re Horner*, 19 Wn. (2d) 51, 55, 141 P. (2d) 151, decided in 1943. Under that rule, the judgment and sentence entered in this cause on June 2, 1941, as it now reads, is immune from collateral attack by *habeas corpus*; for there can be no doubt but that (1) the court had "jurisdiction of the subject-matter"; (2) jurisdiction of the person against whom the judgment was pronounced; and (3) authority to render the particular judgment in question.

The order from which this appeal is taken is, therefore, affirmed.

JEFFERS, C. J., SCHWELLENBACH, and GRADY, JJ., concur.

SIMPSON, J., concurs in the result.

---

September 1, 1949. Petition for rehearing denied.