987 P.2d 659 (1999)
97 Wash.App. 860
Brian Christopher DRURY, Appellant,
v.
Isis Elaine TABARES, Respondent.
No. 23551-0-II.
Court of Appeals of Washington, Division 2.
November 12, 1999.
As Amended on Denial of Reconsideration December 17, 1999.
*660 Donald N. Powell, Tuell Couture Powell, Tacoma, for Appellant.
David B. Ladenburg, Tacoma, for Respondent.
ARMSTRONG, A.C.J.
Brian Drury appeals the modification of a parenting plan and order of child support. He contends the trial court erred in: (1) adopting a parenting plan different from that agreed to by the parties and that purports to give the parties an equal number of overnights with the children but then gives the mother one night more a week; (2) failing to allow Drury a credit for child support because of the amount of time he has the children; (3) refusing to grant Drury a judgment for past due child support; and (4) awarding attorney's fees to the mother. Because of the inconsistent provisions of the parenting plan, we vacate those portions of the plan and remand for the trial court to adopt the plan agreed upon by the parties and to reconsider whether Drury should be allowed a credit for child support.

FACTS
Brian Drury and Isis Tabares were divorced, without representation of counsel, on August 13, 1992. They had three children: Ariel, born December 14, 1986; Ian, born July 20, 1988; and Kellen, born September 5, 1990. The parenting plan made Drury the custodial parent. Tabares was ordered to pay Drury child support of $221 per month based on her net monthly income of $536.
In 1995, the parties adopted an agreed residential schedule giving each parent an equal number of overnights with the children, although Tabares spent more time during the day with the children. The parties and the parenting investigator agreed that this arrangement was beneficial to the children. Tabares never paid any child support to Drury.
In April 1996, Tabares petitioned to modify the parenting plan and child support order, alleging that she had custody and care of the children. Drury countered by requesting a judgment for the child support arrearage.
*661 The trial court found a change of circumstances in the parties agreed upon 1995 schedule. The trial court modified the parenting plan, placing the children with the mother three nights a week and with the father two nights a week. The children were also placed with the father from Friday evening until Sunday evening on the second and fourth weekends of each month. The court designated the mother custodian of the children "even tho (sic) the actual number of overnights for each parent is the same." The plan actually gives the mother at least one more night each week. In addition, the trial court imputed income of $1,523.00 to the mother and ordered the father to pay child support in the amount of $771.94 per month. The court denied the father any credit for child support because of the time the children spend with him, ruling that "such would reduce the amount of income available to the mother below acceptable legislative directives."
Although Tabares had never paid child support as ordered by the original child support order, the trial court offset the $6,188 Tabares owed under the original order because of her daily caretaking of the children since the original order. And finally, the trial court ordered Drury to pay $3,000 in attorney's fees to Tabares.

ANALYSIS

A. Parenting Plan
A trial court's rulings on parenting plans are reviewed for abuse of discretion. In re Marriage of Littlefield, 133 Wash.2d 39, 46, 940 P.2d 1362 (1997) (citations omitted). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." Littlefield, 133 Wash.2d at 46-47, 940 P.2d 1362 (citations omitted).
A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard.
Littlefield, 133 Wash.2d at 47, 940 P.2d 1362 (citation omitted).
A parenting plan or custody decree may be modified if the court finds a substantial change of circumstances based upon facts that have arisen since the decree or that were unknown at the time of decree. RCW 26.09.260. The trial court found a substantial change of circumstances existed and granted modification. In the Order Re Modification of Custody Decree or Parenting Plan, entered June 26, 1998, the court said the "parties have agreed to have the children an equal number of overnights. The court's plan preserves that arrangement."
But the actual schedule for a four-week period gives the mother 16 days and the father 12 days. In addition, unlike the parties' agreed schedule, the parenting plan gives the father the second and fourth weekends. And because some months have five weekends,[1] the father loses additional time, i.e., the mother in such months will have the children two weekends in a row. Yet the parties agree that the schedule adopted by them in 1995 divided the overnights equally. And one of the reasons found by the trial court to modify the original decree was the agreed schedule.
"Custodial changes are viewed as highly disruptive to children, and there is a strong presumption in favor of custodial continuity and against modification." In re the Marriage of McDole, 122 Wash.2d 604, 610, 859 P.2d 1239 (1993). The Legislature has expressed the same public policy. RCW 26.09.260. Furthermore, the Legislature broadly granted authority to the trial courts to protect the best interests of the children in entering a parenting plan. RCW 26.09.002. Washington recognizes the importance of both parents' involvement in the children's lives. "The state recognizes the fundamental importance of the parent-child relationship to the welfare of the child, and that the relationship between the child and each parent *662 should be fostered unless inconsistent with the child's best interests." RCW 26.09.002. Here, although the trial court said its plan preserved the parties' agreement to share overnights equally, the specific schedule does not. We hold that where, as here, the modification is based upon an agreement of the parties, the court must adopt the agreed schedule without significant change. And, given the strong policy in favor of custodial continuity, the changes here, amounting to one night a week, are significant.[2]
We vacate those provisions of the parenting plan setting forth the specific overnight residential schedule and remand for the trial court to enter a schedule substantially in accord with the parties' agreed schedule, based upon facts arising since the prior decree and that there were facts unknown to the court at the time of the prior decree.[3]
A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.
SEINFELD, J., and HUNT, J., concur.
NOTES
[1] For example, 1999 has four months with five weekends.
[2] We do not suggest that the trial court lacks authority to modify an agreed plan of the parents where supported by other grounds in the statute.
[3] The essence of of the parties' 1995 agreement was an equal number of overnights. The trial court can modify the actual schedule to fit the parties' needs so long as an even division is maintained.