**FILED**
**MARCH 12, 2019**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| IN RE THE MATTER OF THE | ) | |
| MARRIAGE OF ANGELA M. STACY | ) | No. 35139-4-III |
| N/K/A ANGEL M. BASE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| JOHN C. STACY, | ) | |
| | ) | |
| Respondent. | ) | |

FEARING, J. — Angela M. Stacy n/k/a Angel M. Base appeals from decisions of

the superior court denying her a new hearing for an adjustment of child support for one

son and for an increase in postsecondary education support for a second son. Because the

trial court did not consider Base's evidence of potential fraud by John Stacy and new

information concerning Stacy's income when denying Base's request, we remand for

further hearing.

FACTS

John Stacy and Angel Base, a Spokane couple, divorced on April 7, 2010, after

fourteen years of marriage. At the time, the parties' two children, Jonathen and Michael, were ages 12 and 10. The dissolution decree granted Base custody of Michael and Jonathen and ordered Stacy to pay child support. In October 2013, the dissolution court modified the amount of child support to $2,929.00 each month, or $1, 464.50 per month for each child.

Jonathen and Michael have always attended private religious school operated by the Christian denomination to which the parties adhere. Toward the end of the marriage, John Stacy spent decreasing amounts of time with the sons. As a result, the sons depended on male teachers and male church members as role models during the abandonment by their father.

During the years of motion practice that followed the dissolution decree, the trial court held John Stacy in contempt seven times for failure to comply with court orders. Two of Stacy's contempt citations stemmed from his failure to pay uninsured medical expenses of the children.

John Stacy persistently refused to provide documentation regarding his income. Stacy's contempt citations sometimes stemmed from his repeated failure to disclose his tax returns with the court. One court order found Stacy in contempt for "apparent dishonesty with the court regarding the circumstances of [a] tax return." Clerk's Papers (CP) at 40. In another order, the dissolution court wrote:

> Mr. Stacy has been found to mislead the court in the past by giving

2

> false statements. . . . The evidence supports that he has done so again. . . .
> Candor with the court is a critical issue that, in the face of evidence to the
> contrary, the court must enforce.

CP at 147. Stacy also failed to comply with discovery requests even after an order to compel discovery. The court issued per diem sanctions against Stacy until he complied with the court order.

## PROCEDURE

In June 2016, Angel Base filed a petition to adjust the child support obligation of John Stacy for Michael, the younger of the sons. Base also sought to impose an obligation on John Stacy to pay postsecondary education support for Jonathen, the elder son. Jonathen had been accepted to Walla Walla University, three hours from Spokane, where he would continue his education in his church's school system. Jonathen desired to major in mechanical engineering with a minor in aviation, and the engineering major would require his taking summer classes at a Spokane community college in order to graduate in four years. Base requested an order directing that she and John Stacy pay for all tuition and costs of postsecondary education, including transportation expenses, room and board, equipment and supplies, and other ancillary expenses.

In June 2016, Angel Base filed an amended petition to request that John Stacy pay the premium for medical insurance for the two sons through the respective son's age of twenty-six or until the child is self-sufficient. She also asked for an order requiring Stacy and she to continue to proportionately share uninsured medical expenses during the time

the child attends college. Jonathen then experienced serious health issues requiring ongoing specialized medical care. In response, Stacy agreed to continue providing health insurance and to proportionally share costs of uncovered medical expenses.

In response to Angel Base's petition for postsecondary education support, John Stacy agreed to partially pay support for Jonathen at Walla Walla University. Nevertheless, he objected to payment of summer school and ancillary expenses. Stacy signed, under penalty of perjury, proposed child support worksheets that indicated he possessed a net monthly income of $7,333, the same as his reported income for 2014.

On September 13, 2016, a court commissioner entertained Angel Base's petitions. The commissioner observed the difficulty of resolving Base's petition to adjust child support on the motion calendar, and the commissioner ordered the parties to arbitrate this dispute. The commissioner, however, entered a temporary order for the parents to pay a proportional share of postsecondary education support limited to the college's estimate of expenses after scholarships and loans and with the parties paying the college directly. A later hearing would address postsecondary education support on a permanent basis. In the September order, the court commissioner wrote:

> The father's proposed child support worksheets (with court changes) are adopted by the court on a temporary order, with start date of September 1, 2016, with reservations on final order.

CP at 510.

In September 2016, Angel Base filed, with the superior court, a motion for

revision of the September 13, 2016 order. Base asked a superior court judge to order that John Stacy pay his portion of the postsecondary education support directly to her because the Division of Child Support (DCS) could not enforce educational support when payable to the college. Base emphasized Stacy's continued failure to pay support and Jonathen's standing at college being jeopardized if Stacy failed to pay his share of the schooling. Base also asked for revision of the order mentioning the adoption of Stacy's child support worksheets and issues affecting support for Michael.

The superior court granted revision in part. The revising court directed the court commissioner to recalculate special expenses incurred for Michael and to not necessarily consider John Stacy's recent income worksheet as controlling at the time of the final hearing with regard to adjustment of the child support and postsecondary education support. The superior court also directed the court commissioner to reconsider John Stacy's delinquent payment of child support when reassessing whether Stacy should be ordered to pay postsecondary education support to the state rather than the college. Finally, the superior court directed the parties to mediate, rather than arbitrate, Angel Base's request for an adjustment in the child support obligations for Michael.

The parties mediated the child support adjustment for Michael and entered agreed orders on the adjustment. In order to reach the agreement, the parties first agreed on each party's income for purposes of calculating support. Thereafter, John Stacy failed to make payments to Walla Walla University for Jonathen's education because the bank refused to

honor checks due to insufficient funds in Stacy's account.

Remember that the court commissioner had previously only entered temporary orders with regard to postsecondary education support and an increase in child support for Michael. On November 28, 2016, a court commissioner entertained argument for entry of final orders on those subject matters. The commissioner carefully reviewed the standards for an award of postsecondary education support as established in RCW 26.19.090. The commissioner found Jonathen to be dependent on his parents for reasonable necessities of life and that he needed financial support from his parents to attend college. The commissioner then addressed nonexhaustive factors listed in the statute. The commissioner found Jonathen to be 18 years old, an age appropriate for postsecondary education. The commissioner found that the children have always been educated in a private faith-based education system and that all parties expected such an education to continue. Finally, the commissioner determined Jonathen to enjoy a high aptitude and ability for his chosen course of study.

At the conclusion of the November 28 hearing, the court commissioner entered other findings relevant to an award of postsecondary education support. The commissioner noted that Angel Base is highly educated. Although John Stacy attended some college, he did not earn a college degree. He commanded a high paying job, however. The parties' levels of income landed them in the middle class, with John Stacy earning an income commensurate with the upper middle class. Both parents held

6

employment and would likely retain that employment for years. The commissioner discerned that, had the parents remained married, the parents would have assisted with financial support for Jonathen's attendance at college.

At the conclusion of the November 28 hearing, the court commissioner found the annual cost of Jonathen's education to be $49,084. After subtracting $10,000 a year in scholarships, Jonathen's tuition and expenses amounted to $39,084. The commissioner believed that a child should bear some financial responsibility for his or her education. Accordingly, the commissioner ordered Jonathen to be responsible for a third of his education, which third amounted to $13,028 a year. The parents split the remaining costs of college in each's respective proportionate share of splitting other expenses, with John Stacy paying 64.9 percent of the costs and Base paying 35.1 percent of costs.

The court commissioner ordered John Stacy to pay Angel Base directly for Jonathen's education expenses. The commissioner declined to order John Stacy to pay many expenses incurred by Jonathen, such as computer and transportation costs. The court confirmed the mediated agreement to adjust child support for Michael.

After the November 2016 hearing, Angel Base discovered that John Stacy failed to disclose $26,000 worth of income in the child support worksheet provided at mediation. Base declared that she recently learned about the undisclosed income through the Washington Division of Child Support and she could not have known the information earlier. Also, after the November hearing, Angel Base learned that Jonathen would incur

another $27,000 in tuition as a result of his aviation minor.

On December 7, 2016, Angel Base moved for a new hearing on the adjustment of child support for Michael. She claimed fraud justified a new hearing. She also asked that the $27,000 increased tuition be added to the amount of postsecondary education support, a percentage of which John Stacy would pay.

In response to the motion for a new hearing, John Stacy denied intentionally withholding disclosure of the additional $26,000 of income. According to Stacy, the Department of Defense Intelligence Agency paid him $26,000 under a contract that would not be repeated. He declared that he believed he needed to report only recurring income.

On January 11, 2017, the court commissioner heard Angel Base's motion for a new hearing. The commissioner denied the motion. The commissioner reasoned that the parties conducted mediation only after being satisfied that the opposing party accurately reported income. Thus, Base bound herself to the income disclosed by John Stacy. The commissioner suggested that Base could have discovered the correct amount before mediation, but did not explain how Base could have done so. The commissioner also denied Angel Base's request to increase the amount of postsecondary education support. The commissioner reasoned that she had already ordered Stacy to pay a significant amount.

Angel Base filed a motion with the superior court to revise the court

commissioner's ruling. The superior court refused to modify the court commissioner's

ruling.

## LAW AND ANALYSIS

Angel Base appeals the court commissioner's refusal to grant her a new hearing on

the amount of child support for John Stacy to pay for Michael and the refusal to increase

the amount of postsecondary education support to be paid by Stacy for Jonathen's

education. She also complains that the trial court imposed an obligation on John Stacy to

pay a percentage of Jonathen's postsecondary education expenses rather than a set sum.

We review these assignments of error in such order.

## Child Support

We review a trial court's decision to award or modify child support for abuse of

discretion. *In re Parentage of I.A.D.*, 131 Wn. App. 207, 218, 126 P.3d 79 (2006). We

also review a superior court's decision to grant or deny a motion for new trial under an

abuse of discretion standard. *Lian v. Stalick*, 106 Wn. App. 811, 823-24, 25 P.3d 467

(2001). A trial court abuses its discretion if its decision is manifestly unreasonable or

based on untenable grounds or untenable reasons. *In re Parentage of I.A.D.*, 131 Wn.

App. at 218-19. Additionally, the failure to exercise discretion is an abuse of discretion.

*Bowcutt v. Delta North Star Corp.*, 95 Wn. App. 311, 320, 976 P.2d 643 (1999).

Angel Base argues that the trial court erred by denying the motion for a new

hearing after newly discovered evidence showed that John Stacy failed to disclose

$26,000 of income during mediation when the parties reached an agreement on the

support obligation for Michael. CR 59 permits a new trial on the motion of an aggrieved

party for enumerated causes when the substantial rights of parties are materially affected.

CR 59(a) and (b). CR 59(a)(2) permits a trial court to grant a new trial based on

misconduct of a prevailing party. In order to obtain a new trial, the movant must

establish that the conduct complained of constitutes misconduct and that the misconduct

was prejudicial in the context of the entire record. *Aluminum Co. of America v. Aetna

Casualty & Surety Co.*, 140 Wn.2d 517, 539, 998 P.2d 856 (2000).

CR 59 also permits a new trial on newly discovered evidence. CR 59(a)(4). A

new trial may be granted on this basis only if the evidence: (1) will probably change the

result of the trial, (2) was discovered after the trial, (3) could not have been discovered

before trial by the exercise of due diligence, (4) is material, and (5) is not merely

cumulative or impeaching. *Go2Net, Inc. v. CI Host, Inc.*, 115 Wn. App. 73, 88, 60 P.3d

1245 (2003).

Angel Base relied on both CR 59(a)(2) and CR 59(a)(4) to support her motion for

a new hearing. But the trial court never reached Base's underlying arguments. Instead,

the court emphasized that, based on a mediation agreement, the parties calculated John

Stacy's income. According to the court, Base remained bound by the income figure

supplied by John Stacy at mediation.

We agree that an agreement reached as the result of mediation can be a legally

10

binding settlement agreement.  *Haller v. Wallis*, 89 Wn.2d 539, 573 P.2d 1302 (1978).

But contract principles govern settlement agreements.  *Sherrod ex rel. Cantone v. Kidd*,

138 Wn. App. 73, 75, 155 P.3d 976 (2007).  In contract law, fraud vitiates the formation

of a contract and permits rescission because the minds failed to meet on a material term.

*Maki v. Aluminum Building Products*, 73 Wn.2d 23, 27, 436 P.2d 186 (1968); *Brinkerhoff

v. Campbell*, 99 Wn. App. 692, 697, 994 P.2d 911 (2000).  Washington courts impose on

every contract a requirement of good faith and fair dealing.  *Frank Coluccio Construction

Co. v. King County*, 136 Wn. App. 751, 764, 150 P.3d 1147 (2007).

In the context of family law, our Supreme Court has gone further and declared that

the courts play a role in meeting the needs of a child for support despite an agreement

between the parents:

> Although we favor the settlement of legal disputes and will generally uphold them against subsequent attack, we have never held that such settlements preclude the exercise of the court's equitable powers.  We decline to do so here.  The mere fact that an agreement exists between the mother and father regarding the amount of child support to be paid is insufficient to foreclose the possibility of a judicially mandated revision when the needs of the child so require.

*Pippins v. Jankelson*, 110 Wn.2d 475, 479, 754 P.2d 105 (1988).

Angel Base moved the court for a new trial after she discovered John Stacy failed

to disclose $26,000 of income.  Because of his past history in violating court orders and

refusing to pay support, a trier of fact could determine that Stacy engaged in fraud.  The

trial court refused to consider new information by enforcing an agreement precedent to

mediation. But any such agreement is void based on fraud or misrepresentation. A party should be able to rely on disclosures of a litigation opponent when entering into an agreement and not be bound by such disclosures if further information shows the information to be false. This court should not sanction fraud of one party. *Cantwell v. Nunn*, 45 Wash. 536, 539, 88 P. 1023 (1907).

The trial court should again consider Angel Base's request for a new hearing based on her claim that John Stacy engaged in misconduct and that she discovered new evidence. The court may consider whether Base should have known of the withholding of information at the time of mediation.

Postsecondary Education Support

The trial court has broad discretion to order support for postsecondary education. *Childers v. Childers*, 89 Wn.2d 592, 601-02, 575 P.2d 201 (1978). A postsecondary education support obligation that would force the obligor parent into bankruptcy amounts to a patent abuse of discretion. *In re Marriage of Shellenberger*, 80 Wn. App. 71, 84, 906 P.2d 968 (1995). This is especially true where the parent also supports a minor child, and the postsecondary support obligation prevents the parent from meeting that obligation to the minor child.

RCW 26.19.090(2) gives the trial court discretion to order support for postsecondary educational expenses and sets forth criteria the trial court should consider when making such an award. The trial court initially must find that the child is

dependent and "relying upon the parents for the reasonable necessities of life." RCW 26.19.090(2). Once that threshold requirement is satisfied, the trial court must also consider the following nonexhaustive list of factors:

> . . . Age of the child; the child's needs; the expectations of the parties for their children when the parents were together; the child's prospects, desires, aptitudes, abilities or disabilities; the nature of the postsecondary education sought; and the parents' level of education, standard of living, and current and future resources.

RCW 26.19.090(2). The court should also consider the amount and type of support that the child would have been afforded if the parents had remained married. RCW 26.19.090(2).

Angel Base argues that the trial court did not properly consider the factors in RCW 26.19.090(2). Base contends the court ignored or discounted the importance of the history of the parents in sending their children to private schooling for their entire lives and failed to consider the father's abandonment of the children. The trial court, however, did consider these factors and went through all factors listed in RCW 26.19.090(2) step by step on the record despite the fact that RCW 26.19.090 sets forth no requirement that the trial court explicitly consider the factors on the record. *In re Marriage of Morris*, 176 Wn. App. 893, 309 P.3d 767 (2013). Further, the court stated that it had reviewed the factors to determine that an award was appropriate. We presume that the court considered all evidence before it in fashioning an order on postsecondary educational expenses. *In re Marriage of Kelly*, 85 Wn. App. 785, 792-93, 934 P.2d 1218 (1997).

13

Angel Base ultimately disagrees with the amount of the postsecondary award. Base argues the court erred in "impermissibly" capping postsecondary support at an arbitrary amount and also argues the court erred in its failure to allow all related expenses in the award such as summer expenses, aviation program expenses, necessary equipment for education, such as a computer, and electronic flight bag, and other costs incidental to postsecondary education. Base forwards decisions which have held that expenses for school-related costs, extra-curricular activities, and computers *can be* appropriate bases for additional support. *In re Marriage of Krieger*, 147 Wn. App. 952, 199 P.3d 450 (2008); *In re Marriage of Kelly*, 85 Wn. App. at 795; *In re Marriage of Daubert*, 124 Wn. App. 483, 497, 99 P.3d 401 (2004), *abrogated on other grounds by In re Marriage of McCausland*, 159 Wn.2d 607, 152 P.3d 1013 (2007). Nevertheless, Base cites no authority *mandating* that such costs be included in an award for postsecondary support.

In support of her argument about the trial court capping costs, Angel Base cites *Sprute v. Bradley*, 186 Wn. App. 342, 344 P.3d 730 (2015). In *Sprute*, this court wrote that the law does not "compel[ ] a cap on postsecondary educational support." *Sprute v. Bradley*, 186 Wn. App. at 356. The decision supports the notion that a court is not required to cap costs. Conversely, Base cites no decision, in which a court erred by choosing to impose a cap. We conclude that the trial court has discretion to impose a cap based on the individual circumstances of the case, including the obligor parent's income.

Angel Base repeatedly asserts that "the law" or "the statute" mandates that the

14

court increase the equity of child support orders by echoing comparable orders in cases with similar circumstances. Base states this review *should* include a review of published cases across the state with similar circumstances. She then proceeds to do so herself.

Bates' argument is flawed because the statute she references is the legislative intent and finding statute which does not impose a requirement on trial courts to award a particular amount based on comparable amounts awarded in other cases. RCW 26.19.001, in its entirety, reads:

> The legislature intends, in establishing a child support schedule, to insure that child support orders are adequate to meet a child's basic needs and to provide additional child support commensurate with the parents' income, resources, and standard of living. The legislature also intends that the child support obligation should be equitably apportioned between the parents.
> The legislature finds that these goals will be best achieved by the adoption and use of a statewide child support schedule. *Use of a statewide schedule will benefit children and their parents by*:
> (1) Increasing the adequacy of child support orders through the use of economic data as the basis for establishing the child support schedule;
> (2) *Increasing the equity of child support orders by providing for comparable orders in cases with similar circumstances*; and
> (3) Reducing the adversarial nature of the proceedings by increasing voluntary settlements as a result of the greater predictability achieved by a uniform statewide child support schedule.

(Emphasis added.)

RCW 26.19.001 affords the trial court wide discretion in making a postsecondary education award. This court does not second guess the trial court's discretionary evaluation of the statutory factors and amount of support the court deems reasonable. *In*

15

*re Parentage of Goude*, 152 Wn. App. 784, 791, 219 P.3d 717 (2009).  The trial court does not abuse its discretion in determining postsecondary educational support if it considers all factors in RCW 26.19.090(2).  The court commissioner in this postdissolution proceeding considered all factors.

Angel Base next argues the trial court erred in assessing a high percentage of expenses on Jonathen alone while arbitrarily assigning a low contribution to the father. Base does not cite to any portion of the record to support this factual allegation.  Base further argues that placing costs on the student and assuming he will obtain employment or otherwise find a way to contribute his share conflicts with finding that the child is dependent and relying on the parents for the reasonable necessities of life pursuant to RCW 26.19.090(2).  Aside from mentioning the statute, Base cites no other law or cases to support her position.  This court does not consider bald assertions lacking cited factual and legal support.  RAP 10.3(a)(6); *West v. Thurston County*, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012).

The trial court did not wish to exceed an award of all forms of support above forty-five percent of John Stacy's net income.  Angel Base argues the court erred because facts supported an award above this percent of net income.

RCW 26.19.065(1) provides: "Neither parent's child support obligation owed for all his or her biological or legal children may exceed forty-five percent of net income except for good cause shown."  The statute defines "good cause" as "possession of

16

substantial wealth, children with day care expenses, special medical need, educational

need, psychological need, and larger families." RCW 26.19.065(1)(c).

Postsecondary educational support "fits within the structure of the child support

statute in general" and in some situations "can function just like ordinary child support."

*In re Marriage of Schneider*, 173 Wn.2d 353, 368, 268 P.3d 215 (2011). Postsecondary

educational support "is money paid to support a dependent child, therefore it is child

support." *In re Marriage of Schneider*, 173 Wn.2d at 368. Postsecondary educational

support is part of a parent's "'child support obligation'" for the purposes of the forty-five

percent limitation in RCW 26.19.065(1). *In re Marriage of Cota*, 177 Wn. App. 527,

542, 312 P.3d 695 (2013).

Angel Base reiterates John Stacy's absence from the children's lives and cites *In

re Marriage of Selley*, 189 Wn. App. 957, 359 P.3d 891 (2015) to support the argument

that the father's absence can justify an upward deviation from the forty-five percent

threshold. We wrote in that decision:

> [B]ecause an obligee parent pays a higher portion of child expenses
> when the obligor parent chooses to abdicate most or all visitation, we hold
> that in such a situation, the trial court *has the authority* to deviate upward
> from the standard calculation when an upward deviation would better
> achieve an equitable apportionment.

*In re Marriage of Selley*, 189 Wn. App. at 962 (emphasis added). Yet again, our holding

granted discretion to the trial court to allow the deviation. The father's absence may

provide a basis to deviate from the threshold, but his absence does not demand that the

threshold be exceeded. Because Base fails to show that the trial court acted on untenable grounds or reasons, we affirm the lower court's postsecondary award, with one exception. In the event the trial court grants a new hearing based on John Stacy's failure to disclose income, the trial court may revisit the amount of postsecondary education support.

Percentage of Postsecondary Education Expenses

Angel Base contends the trial court erred in setting a variable order of postsecondary support because the State Division of Child Support cannot collect on such an order as confirmed by an enforcement officer with DCS. The final order in this case states that the mother is responsible for 35.1 percent of expenses and the father is responsible for 64.9 percent of expenses. Base also argues that the father's payments should be directed to her instead of the school due to his history of nonpayment and DCS' policy that it cannot enforce support amount payable to the school. Yet, the trial court already ordered that Stacy pay Base. Any assignment of error is moot.

Attorney Fees

Angel Base requests an award of reasonable attorney fees and costs on appeal. John Stacy requests "relief" because of a frivolous appeal.

Former RCW 26.26.140 (1994), *recodified as*, RCW 26.26B.060 allows this court to order all or a portion of a party's reasonable attorney fees be paid by another party. Nevertheless, RAP 18.1(c) requires a party, in a dissolution action, to file an affidavit of

financial need ten days before this court's consideration of the appeal. Base failed to file any affidavit.

Angel Base's appeal was not frivolous particularly since she prevailed on one of her arguments. We also deny John Stacy any relief with regard to costs.

## CONCLUSION

We remand to the superior court for further determination of Angel Base's motion for a new hearing on child support and an increase of postsecondary education support consistent with this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Siddoway, J.

_____
Pennell, A.C.J.

19