IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint Petition of | ) ) ) ) ) ) | No. 77868-4-I |
| JAMES RICHARD PAINTER, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) ) | FILED: October 28, 2019 |

VERELLEN, J. — James Painter filed a personal restraint petition in December of 2017 challenging his 180-month sentence imposed in January 2016. The core of Painter's argument is that the sentencing court exceeded its jurisdiction because RCW 69.50.408 of the Uniform Controlled Substances Act (UCSA) allows doubling the maximum term for second or subsequent controlled substance violations, in conflict with the washout provisions of the Sentencing Reform Act (SRA), RCW 9.94A.525. But as our Supreme Court explained in In re Personal Restraint of Cruz,[1] the standard range of a sentence is distinct from the authorized statutory maximum for the crime committed. Both statutes are unambiguous, and Painter's sentence complied with both. Because Painter's

---

[1] 157 Wn.2d 83, 134 P.3d 1166 (2006).

sentence was valid and he filed his petition more than one year after being sentenced, his petition was untimely.

Therefore, we deny the petition.

## FACTS

In January of 2016, Painter pleaded guilty and was convicted of six current criminal charges, including violating the UCSA by possessing four pounds of heroin with the intent to distribute. He agreed his conduct warranted an exceptional sentence with an upward deviation. The court calculated Painter's offender score based on his present charges and a past conviction for residential burglary. Painter's criminal history included three previous convictions from 2007 for violating the UCSA. Those three convictions were not included when calculating Painter's offender score because they washed out. Based on his score, the standard range sentence was 60 to 120 months for his current conviction for possession with intent to distribute. The court doubled Painter's statutory maximum sentence to 240 months because a provision of the UCSA, RCW 69.50.408(1), allows doubling a defendant's statutory maximum term for a second or subsequent conviction. The court imposed an exceptional sentence of 180 months total incarceration for possession with intent to distribute, running consecutively with his other convictions.

Painter filed this petition challenging his sentence in December of 2017.

ANALYSIS

The State contends this petition is untimely and filed beyond the one-year time bar on collateral challenges to a sentence.[2] The one-year limit does not apply where a court exceeded its jurisdiction by imposing an invalid sentence.[3] A sentence that exceeds statutory limits is invalid.[4] Painter argues his sentence is invalid because the court violated the SRA to double his maximum term under RCW 69.50.408.

Statutory interpretation is a question of law reviewed de novo, and our goal is to ascertain and give effect to the legislature's meaning and intent.[5] We look first to the language of the statute for its plain meaning.[6] Where a statute is unambiguous, we do not need to construe its terms.[7] A statute is not ambiguous merely because different interpretations are conceivable.[8] Only after concluding a statute is ambiguous do we apply the rules of statutory construction, including harmonizing it with related statutes.[9] And only after applying the rules of statutory

---

[2] RCW 10.73.090.

[3] RCW 10.73.100(5).

[4] See In re Goodwin, 146 Wn.2d 861, 869, 50 P.3d 618 (2002) (sentences imposed without authority are "'fatally defective'") (quoting Gossett v. Smith, 34 Wn.2d, 224, 208 P.2d 870 (1949)).

[5] Cruz, 157 Wn.2d at 87.

[6] State v. Watson, 146 Wn.2d 947, 954, 51 P.3d 66 (2002).

[7] State v. Keller, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001).

[8] City of Seattle v. Winebrenner, 167 Wn.2d 451, 456, 219 P.3d 686 (2009).

[9] State v. Davis, 3 Wn. App. 2d 763, 788, 418 P.3d 199 (2018) (quoting Parentage of I.A.D., 131 Wn. App. 207, 213, 126 P.3d 79 (2006)).

construction and still concluding a statute is ambiguous do we apply the rule of lenity.[10]

On the current possession with intent to distribute charge, Painter pleaded guilty to a class B felony violation of the UCSA.[11] The UCSA sets the maximum sentence for a class B felony as 10 years' incarceration.[12] The SRA defines "statutory maximum sentence" as "the maximum length of time for which an offender may be confined."[13] It is distinct from a "standard sentence range," which is "the sentencing court's discretionary range in imposing a nonappealable sentence."[14] A court can impose a sentence outside the standard range,[15] but the sentence cannot exceed the statutory maximum.[16]

The SRA specifies how a court determines a defendant's possible term of incarceration based on his offender score.[17] To calculate an offender score, a court must consider a defendant's current charges and criminal history.[18] A

---

[10] Winebrenner, 167 Wn.2d at 462 (quoting State v. Jacobs, 154 Wn.2d 596, 601, 115 P.3d 281 (2005)).

[11] RCW 69.50.204, .401(2)(a).

[12] RCW 69.50.401(2)(a).

[13] RCW 9.94A.030(51).

[14] RCW 9.94A.030(50).

[15] RCW 9.94A.537.

[16] RCW 9.94A.505(5).

[17] See RCW 9.94A.525, .530 (defining how to calculate an offender score and a standard sentence range); see also RCW 9.94A.510-.518 (sentencing grids and tables).

[18] See RCW 9.94A.525 (procedures for calculating an offender score).

defendant's "criminal history" is "the list of [his] prior convictions and juvenile adjudications."[19] A "conviction" is "an adjudication of guilt," including a guilty plea.[20] "The determination of a defendant's criminal history is distinct from the determination of an offender score."[21] A washed-out conviction remains part of a defendant's criminal history unless it is vacated.[22] And the defendant's offender score is unrelated to the statutory maximum term for his crime.[23]

As our Supreme Court held in In re Cruz, RCW 69.50.408(1) affects only the statutory maximum term for a conviction.[24] The statute does not affect the standard range of a sentence.[25] Nor does it directly affect a defendant's actual sentence.[26] The SRA's washout provisions in RCW 9.94A.525 affect only the standard sentence range. These statutes are unambiguous, govern distinct areas and, at most, affect each other only indirectly. And contrary to Painter's contention, RCW 69.50.408(2) does not give rise to any ambiguity between the

---

[19] RCW 9.94A.030(11).

[20] RCW 9.94A.030(9).

[21] RCW 9.94A.030(11)(c).

[22] RCW 9.94A.030(11). Even then, a vacated conviction may be considered as part of criminal history under circumstances not present here. RCW 9.94A.030(11)(b).

[23] RCW 9.94A.030(51); RCW 9.94A.030(11)(c).

[24] 157 Wn.2d at 90 (RCW 69.50.408(1) doubles the maximum statutory sentence).

[25] Id.

[26] State v. Cyr, 8 Wn. App. 2d 834, 841, 441 P.3d 1238 (2019) (citing State v. Roy, 147 Wn. App. 309, 315, 195 P.3d 967 (2008)).

UCSA and the SRA because washed-out convictions remain part of a defendant's criminal history. Section .408(2) merely provides an offense is a second or subsequent offense if "the offender has at any time been convicted under this chapter . . . ."[27] Because these statutes are unambiguous and do not conflict, they do not require harmonization, statutory construction, or application of the rule of lenity.

The court here correctly applied both the washout and doubling provisions. Painter agreed his criminal history included his 2007 UCSA violations. The court did not include Painter's washed-out convictions when calculating his offender score but considered them as part of his criminal history for the doubling provision of UCSA. Painter's offender score set a standard range of 60 to 120 months.

Doubling the statutory maximum for Painter's crime from 120 months to 240 months did not affect the standard range of his sentence.[28] Nor did it compel a sentence above the standard range.[29] Here, Painter stipulated a sentence in excess of the standard range was appropriate. The court did not exceed its authority by sentencing Painter to 180 months incarceration, so his sentence is not facially invalid.

---

[27] RCW 69.50.408(2); RCW 9.94A.030(11).

[28] Cruz, 157 Wn.2d at 90.

[29] See RCW 9.94A.535 (court must find "substantial and compelling reasons justifying an exceptional sentence" outside the standard range).

6

Because Painter received a facially valid sentence in January of 2016 and did not file this petition until December of 2017, we deny the petition as untimely under RCW 10.73.090(1).

WE CONCUR:

Chun, J.

Andrus, J.